UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-23875-FAM

DARLENE EGAN,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
A BERMUDA COMPANY,
a foreign corporation d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.
_____/

**PLAINTIFF'S STATUS REPORT TO THE COURT, AND MOTION TO REMOVE STAY AND TO ISSUE AMENDED ORDER SCHEDULING TRIAL**

    In its motion to reassign the case to the standard case management track, and to issue an amended order scheduling trial [D.E. 18], the Plaintiff advised the Court that the Plaintiff had not fully recovered from the most recent surgery to her ankle (the injury that is the subject of this suit). In response, on February 29, 2016 [D.E. 20], the Court issued an order staying this case and placed it in civil suspense.

    On May 31, 2016, the undersigned counsel for the Plaintiff filed a status report updating the Court on the Plaintiff's medical condition [D.E. 21]. In that report, counsel noted that the Plaintiff's surgeon, Dr. John Reach at Yale University School of Medicine in New Haven, Connecticut, had noted that it would take the Plaintiff approximately a year following her most recent ankle surgery to reach maximum medical improvement, and that he could not opine as to her permanent disability or the likelihood of future treatment for the same period.

1

Since then, the Plaintiff has undergone an extensive course of medical treatment, including physical therapy. She was confined to a wheelchair for a period of time, and then graduated to walking with crutches. Dr. Reach is able to opine that the Plaintiff sustained a significant permanent partial disability to the affected area of her body.

The Plaintiff respectfully requests that the Court remove the stay on this case and issue an amended order scheduling trial and pretrial deadlines.

When the case is restored to active status, the following discovery issues remain to be completed:

1. On February 26, 2016, the Plaintiff filed a motion to compel the Defendant to permit inspection [D.E. 17]. That motion seeks permission for the Plaintiff's expert, Lawrence Dinoff, an architect and mechanical engineer, to inspect the staircase on the ship Norwegian Breakaway on which the Plaintiff was injured. As noted in the motion to compel, counsel previously agreed that Mr. Dinoff's inspection could take place in February or March, 2016. Plaintiff's counsel requested that the inspection take place at the ship's home port in New York City, as it is close to Mr. Dinoff's office in the Philadelphia area. Counsel for the Defendant initially agreed that the inspection could take place in New York, but then insisted that it be conducted at Port Canaveral, Florida. Plaintiff's counsel agreed, but then Defendant's counsel would not provide any dates for the inspection at Port Canaveral after the Court's original discovery cutoff, even though counsel had agreed already that the inspection could be conducted in New York after that cutoff date.

Mr. Dinoff reports that he can be available to perform the inspection at Port Canaveral on approximately one to three weeks notice.

2. The Plaintiff has had additional medical treatment since the case was stayed. All treatment has been in Connecticut. The Plaintiff respectfully requests that she be permitted to take the videotaped deposition of Dr. Reach, her surgeon. Dr. Reach's office reports that he is available for legal matters approximately one day per month. Counsel would plan to take the deposition on the first date on which Dr. Reach is available.

3. Defense counsel took the Plaintiff's deposition and her husband's deposition in Miami in February, 2016. The Plaintiff also was examined by a physician of the Defendant's choosing in Miami. Presumably, the Defendant may wish to take an update deposition. The parties also need to attend mediation. The mediator, Attorney Peter Abraham, was previously agreed upon [D.E. 11]. The Plaintiff is available and able to travel to Miami on short notice to participate in an update deposition and mediation.

4. The Plaintiff previously disclosed Craig Lichtblau, M.D., as an expert witness [D.E. 19]. Dr. Lichtblau is a physiatrist, with an office in North Palm Beach. He will conduct a comprehensive physical examination of the Plaintiff and then issue a report concerning his assessment of her injuries, her disability and her present and future work limitations. When the Plaintiff traveled to South Florida for her deposition in February, 2016, she was wearing a cast. Dr. Lichtblau was not able to examine her at that time because of her physical condition. Presumably, after Dr. Lichtblau's examination and the issuance of his report, the Defendant will want to take his deposition.

5. Because some time has passed since the prior discovery period, the Plaintiff respectfully requests that she be permitted to conduct additional written discovery regarding any changes, modifications or repairs to the staircase on the ship Norwegian Breakaway in the intervening time. The Plaintiff will also seek records of any other incidents occurring in the

same location.  Further, prior to the case being stayed, the Plaintiff had served written discovery requests on the Defendant, but the Defendant had not yet responded to same.  The Plaintiff requests that the Defendant respond to those outstanding discovery requests, and then the Court permit sufficient time for any follow up issues that arise from those responses.

6. There are two fact witnesses who were accompanying the Plaintiff when she was injured.  Both live in Connecticut.  Another fact witness is the Plaintiff's daughter, who also lives in Connecticut.  The Plaintiff respectfully requests that she be permitted to take their videotaped depositions for use at trial.  The Plaintiff previously filed a motion for permission to take these depositions, together with an incorporated memorandum of law [D.E. 16].   In its order staying this case [D.E. 20], the Court denied the Plaintiff's motion to take the depositions as moot, with leave to refile the motion if necessary if the case is restored to the active docket.  The depositions can likely be taken during the course of one or two days, probably in conjunction with the deposition of Dr. Reach.

7. The Plaintiff has also disclosed an expert accountant, Robert Zucker, whose office is in Boca Raton [D.E. 19].  It is anticipated that Mr. Zucker will testify as to the Plaintiff's future projected lost earnings.  Mr. Zucker has not yet prepared a report, and he cannot do so until a physician opines as to the likelihood that the Plaintiff will be unable to work in the future, or whether she has other limitations on working.  It is anticipated that Dr. Lichtblau will address these issues.  It is further anticipated that Mr. Zucker can prepare his expert report within four weeks after a physician addresses this issue, and he will be available to be deposed thereafter.

8. The undersigned counsel is aware that he has been remiss in providing status reports to the Court as the Court directed in its order staying the case [D.E. 20].  This is solely the fault of the undersigned counsel, who apologizes to the Court and counsel, and not the fault

of the Plaintiff. There was a paralegal in the undersigned's office assigned to this case, who left the firm in mid-2016 and had not calendared deadlines in the case. Then, the undersigned joined another law firm several months ago, and in incorporating the case files into the new firm's case management system, deadlines were not calendared by new staff who did not know to look for them. This is offered as an explanation, but not an excuse. The undersigned counsel takes full responsibility for the lapse. The undersigned does note, however, that if he had filed periodic status reports, he simply would have continued to inform the Court that the Plaintiff's physical status did not yet permit her to actively engage in the necessary activities and discovery summarized above.

WHEREFORE, the Plaintiff respectfully requests that the Court lift the stay and enter a new scheduling order permitting sufficient time to complete the tasks listed above.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day, the foregoing was electronically filed with the clerk of the court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,
**CPLS, P.A.**
Attorneys|Counselors|Mediators
201 East Pine Street, Suite 445
Orlando, FL 32801
Tel 407-647-7887
Fax 407-647-5396
Counsel for Defendant
CPLS File No. 2564-1

August 15, 2017

By: /s/ Steven H. Meyer
    Steven H. Meyer
    Florida Bar Number 128562
    smeyer@cplspa.com